HIRAM C. WELLS, APPELLEE, V. W. W. FRAZIER ET AL., IMPLEADED WITH MARION S. ALLEN ET AL., APPELLANTS.

FILED APRIL 2, 1902.  No. 11,571.

1. **Judicial Sale:** APPRAISAL. An objection to an appraisal of real estate for the purpose of a judicial sale, to be available, must be made and filed before a sale thereof is had.

2. ———: ———: AUTHORITY OF DEPUTY SHERIFF. A deputy sheriff may act for and in the place of the sheriff in making an appraisal of real estate for the purpose of a judicial sale in the execution of a decree of court.

3. ———: ———: OWNERS OF EQUITY OF REDEMPTION: DESIGNATION OF "ET AL." An appraisal of the interests, in land about to be sold at judicial sale, of the parties to an action, against whom the decree operates, is not invalidated because the names of the

owners of the equity of redemption are not stated other than by the designation "et al." after the name of the principal defendant in the action.

APPEAL from the district court for Custer county. Heard below before SULLIVAN, J. *Affirmed.*

*J. R. Dean,* for appellant:

*Talbot & Allen* and *Alpha Morgan, contra.*

HOLCOMB, J.

We will consider only the objections to confirmation of sale of real estate to which our attention is called in the brief of counsel for appellants.

The objection that the appraisal of the land was for an inadequate sum comes too late, since it was not made until after sale, and just before an order of confirmation was asked for.

As to the second objection, we have held several times that a deputy sheriff may act for the sheriff in making an appraisement of land for the purpose of a judicial sale in the execution of a decree of foreclosure of a real estate mortgage. *Richardson v. Hahn,* 63 Nebr., 294, and authorities there cited.

It is next urged that because in the appraisal and advertisement of sale the parties are designated as Hiram C. Wells v. William W. Frazier et al., and the appraisal was of the interest of William W. Frazier et al., without naming the defendants who appeal, and who were the owners of the equity of redemption, this renders the proceedings so irregular as to amount to prejudicial error. The parties were designated with sufficient certainty to show the nature of the proceedings and the action in which the decree of foreclosure and order of sale were entered. The appraisement found the gross value of the lands from which was deducted prior incumbrances, the net appraised value being found as the value of the interest of all the defendants in the property. This certainly would include the

owners of the equity of redemption, who were made parties to the action. We know of no legal ground of complaint because they were not specially singled out from the numerous defendants, and found to have an interest in the land as owners. It is obvious that they were in no way prejudiced by the appraisers not undertaking to ascertain and separate the interests of the different defendants against whom the decree operated. It is not required of the appraisers that they should ascertain and determine what the respective interests of the different defendants were in the land being appraised for sale. By finding the gross value of the land, and deducting therefrom the prior incumbrances, the value remaining represented the value of the interest, for the purpose of the sale, of either or all of those against whom the decree and its execution operated. *Toscan v. Devries,* 57 Nebr., 276. The object of the statute requiring the appraisal before sale is to fix the value of the real estate, below two-thirds of which the land can not be sold. It is for the protection of those whose interests therein are to be divested by the sale, and the object of the statute is accomplished by finding the net value of the land. We can conceive of no valid reason for holding that the objecting defendants were prejudiced because they were not named personally and specifically in the appraisal, and consequently the failure to so designate them is no sufficient ground for denying confirmation of sale. The order appealed from is accordingly

AFFIRMED.